# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-07-120-F |
| SHAWN J. GIESWEIN, | ) ) ) |
| Defendant. | ) ) |

## ORDER

On March 29, 2021, the court entered an order dismissing defendant, Shawn J. Gieswein's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for lack of jurisdiction. Doc. no. 328. The court found that defendant had not exhausted all of his administrative remedies as required by § 3582(c)(1)(A) before filing his motion. In addition, the court found that defendant's inmate to staff request failed to contain a proposed release plan as required by 28 C.F.R. § 571.61(a)(2), thereby constituting a failure to exhaust administrative remedies.

The court is in receipt from defendant of a Motion for Reconsideration, filed April 8, 2021. Doc. no. 329. Defendant asserts that he waited 30 days from the warden's receipt of his compassionate release request to file his motion. Defendant also supplies a proposed release plan with his motion. Further, defendant contends that U.S.S.G. § 1B1.13 no longer applies in deciding a compassionate release motion, citing the Tenth Circuit's recent ruling in United States v. Maumau, ___ F.3d ___, 2021 WL 1217855 (10th Cir. April 1, 2021). Defendant argues the court has jurisdiction to consider his compassionate release motion and requests the court to consider it.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id*. "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id*. (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*.

Initially, the court finds that defendant's motion for reconsideration is timely filed since it was filed within 14 days after entry of the court's March 29th order. *See*, United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011) (motion to reconsider order granting or denying a sentence modification under 18 U.S.C. § 3582(c)(2) must be brought within the time granted to appeal that order under Rule 4(b), Fed. R. App. P.).

While the motion for reconsideration is timely filed, the court finds that it does not present circumstances that would justify reconsideration of the court's prior ruling dismissing his § 3582(c)(1)(A)(i) motion for lack of jurisdiction. Defendant does not base reconsideration of the court's March 29th order on any intervening change in controlling law with respect to the exhaustion or 30-day lapse requirement of § 3582(c)(1)(A) or the proposed release plan requirement of 28 C.F.R. § 571.61(a)(2). The Maumau decision does not address these requirements. In addition, defendant has not brought to light any new evidence previously unavailable to him. Defendant seeks to revisit the 30-day lapse requirement previously addressed by the court. And with respect to that issue, defendant has not shown the need to correct clear error or prevent manifest injustice. Therefore, the court concludes that defendant's motion should be denied.

Accordingly, defendant, Shawn J. Gieswein's Motion for Reconsideration (doc. no. 329), filed April 8, 2021, is **DENIED**.

IT IS SO ORDERED this 12th day of April, 2021.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0120p076.docx

3