# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-07-120-F |
| ) | |
| SHAWN J. GIESWEIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Shawn J. Gieswein, appearing *pro se*, has filed a Motion for Reconsideration. Doc. no. 358. He asks to the court "to dismiss his 18 U.S.C. [§] 922(g)(1) conviction in light of the Supreme Court ruling in [New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S.Ct. 2111 (2022)] and the District Court ruling in [United States v. Quiroz, ___ F. Supp. 3d. ___, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022)]." Upon review, the court finds no response from the government is required.

I.

Despite defendant's assertions to the contrary, defendant's motion is a second or successive motion under 28 U.S.C. § 2255. *See*, United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion.").

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." In re Cline, 531 F.3d 1249, 1250 (10th Cir. 2008); *see also*, 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3)(A). Defendant has not obtained authorization from the Tenth Circuit to file his § 2255

motion. Therefore, the court lacks jurisdiction to address the merits of defendant's motion. In re Cline, 531 F.3d at 1251.

When a second or successive § 2255 motion is filed in the district court without the required authorization from the appropriate court of appeals, the district court may transfer the matter to the court of appeals, if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631, or it may dismiss the motion for lack of jurisdiction. In re Cline, 531 F.3d at 1251. A transfer is not in the interest of justice when the claim raised in the second or successive motion clearly does not meet the requirements set forth in 28 U.S.C. § 2255(h). In re Cline, 531 F.3d at 1252.

Upon review, the court declines to transfer defendant's motion to the Tenth Circuit pursuant to 28 U.S.C. § 1631. The court concludes that it is not in the interest of justice to transfer the motion because the Tenth Circuit has recently denied defendant authorization to file a new § 2255 motion based upon Bruen. *See*, doc. no. 355 ("Mr. Gieswein does not identify a Supreme Court holding making a rule in *Bruen* . . . retroactive. So he has not shown that his new motion would rely on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.' § 2255(h)(2)."). And defendant has not shown that Quiroz satisfies the requirements of § 2255(h)(2). Because the court declines to transfer defendant's motion, the court concludes that defendant's motion should be dismissed for lack of jurisdiction.

## II.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In order to obtain a certificate of appealability, defendant must show both "that jurists of reason

would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court concludes that defendant has failed to make the required showing. Therefore, the court concludes that a certificate of appealability should be denied.

## III.

Accordingly, defendant, Shawn J. Gieswein's Motion for Reconsideration (doc. no. 358), which is a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 5th day of October, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0120p082.docx