IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-07-120-F |
| ) | |
| SHAWN J. GIESWEIN, ) | |
| ) | |
| Defendant. ) | |

# ORDER

The court is in receipt of defendant, Shawn J. Gieswein's *pro se* Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2). Doc. no. 366. Upon review, the court finds no response by plaintiff, United States of America, is required. The court finds that the motion should be dismissed for lack of jurisdiction.

Defendant is seeking a sentence reduction in light of the "Sentencing Commission [] removing the two 'status points' under [U.S.S.G. §] 4A1.1(d) in the U.S. Sentencing Guideline manual in May, 2023 and that change will be applied in November, 2023." Doc. no. 366, ECF p. 1. Defendant represents "[t]he Sentencing Commission states that a 'retroactivity impact analysis will be made available to the public as soon as possible.'" Doc. no. 366, ECF p. 1. According to defendant, his criminal history category is IV and he had two "status points" added under U.S.S.G. § 4A1.1(d) to calculate his criminal history category.

On April 5, 2023, a quorum of the Sentencing Commission voted to promulgate amendments to the sentencing guidelines. *See*, "Back in Business" U.S. Sentencing Commission Acts to Make Communities Safer & Stronger (News Release), https://www.ussc.gov/about/news/press-releases/april-5-2023. One of

those amendments relates to the "status points" under §4A1.1 (Criminal History Category).  *See*, Amendments to the Sentencing Guidelines (Preliminary), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf.  Although the Sentencing Commission voted to promulgate the amendments, it has not officially submitted the amendments to Congress.  The final amendments are to be sent to Congress on May 1, 2023, and they will become effective on November 1, 2023, unless Congress acts to the contrary.  *See*, News Release. The Sentencing Commission will be considering whether the amendment may be applied retroactively to previously sentenced defendants.  It will be conducting a retroactivity impact analysis and will be considering public comment.  *See*, Issue for Comment: Retroactivity, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-IFC.pdf.

Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed.  Dillon v. United States, 560 U.S. 817, 819 (2010).  A district court may, however, modify a sentence when it is statutorily authorized to do so.  United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013).  Section 3582(c)(2) allows the district court to reduce a sentence "after considering the factors set forth in [18 U.S.C.] section 3553(a)" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The relevant policy statement, U.S.S.G. § 1B1.10(a) states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant[.]"  U.S.S.G. § 1B1.10(a).

A defendant "must overcome three *distinct* hurdles before he may obtain a sentence reduction" under § 3582(c)(2).  United States v. C.D., 848 F.3d 1286, 1289 (10th Cir. 2017) (emphasis in original).  First, he must show that "he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing."  *Id*.  If defendant does not, the court lacks jurisdiction over defendant's motion and the motion must be dismissed.  *Id*.  Second, the defendant must establish that "his request for a sentence reduction is consistent with the Commission's policy statements related to § 3582(c)(2)."  *Id*.  Third, the defendant must convince the court "he is entitled to relief in light of the applicable sentencing factors found in" § 3553(a).  *Id*. at 1289-90.

The court finds that defendant has failed to show that he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to his sentencing.  As the Tenth Circuit concluded in defendant's direct appeal challenging his sentence of 240 months' imprisonment based on an application of an erroneous guideline range, "the statutory maximum, rather than the Guidelines range, was the driving force behind the selected sentence."  United States v. Gieswein, 887 F.3d 1054, 1063 (10th Cir. 2018).  The Court of Appeals noted that this court "based the sentence he . . . selected on factors independent" of the sentencing guidelines.  *Id*. at 1063.  That's putting it mildly.  In sentencing and resentencing this defendant, the court gave full effect to the latitude afforded by 18 U.S.C. § 3661.  The defendant was sentenced, and resentenced, predominantly because of "the depth and the breadth, the persistence and the depravity and the harmfulness of the criminal conduct of this defendant."  *Id.* at 1061.  Leaving out defendant's less egregious criminal conduct (such as burglary and embezzlement), he is a pipe bomber.  He is a child molester–his attempt to rape his nine-year old adopted sister having failed only because his assault on the girl was interrupted by the inconvenient intrusion of his wife.  He is a peeping tom and a producer of

pornography, including child porn. He recorded himself molesting his sleeping aunt, who was debilitated from cancer treatment. If a life sentence had been available, that would have been a live possibility.[1]

Aside from the foregoing matters, the amendment of the Sentencing Commission upon which defendant relies as lowering his sentencing guidelines range is not yet effective. Although the Sentencing Commission voted on April 5, 2023 to promulgate an amendment relating to "status points" under § 4A1.1, it has yet not sent the amendment to Congress. And assuming Congress does not act to the contrary, the amendment will not be effective until November 1, 2023. Because defendant has not shown that he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to his sentencing, the court concludes that it lacks jurisdiction over defendant's motion, and it must be dismissed.[2]

Lastly, defendant contends that his guideline range should be 27-33 months in light of the Tenth Circuit's ruling in United States v. Salas, 889 F.3d 681 (10th Cir. 2018). However, defendant's challenge constitutes a collateral attack of his sentence and is beyond the relief that is allowed in a § 3582(c)(2) proceeding. *See*, United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003) (argument that sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255).

---

[1] It is noteworthy that the defendant believes that if this motion were successful, he would avoid supervised release. Doc. no. 366, at 2. Without determining whether defendant is right about that, the court will observe that it is unimaginable that this sociopath could be discharged to the streets without supervision.

[2] The court also notes that the amendment upon which defendant relies is not listed in subsection (d) of U.S.S.G. §1B1.10 and thus has not been made retroactive. Therefore, a reduction of sentence would not be consistent with the Sentencing Commission's policy statement in § 1B1.10(a) and would not be authorized under § 3582(c)(2).

Accordingly, defendant, Shawn J. Gieswein's Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(2), filed on April 20, 2023 (doc. no. 366), is **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED this 24th day of April, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0120p085.docx