# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-07-120-F |
| | ) |
| SHAWN J. GIESWEIN, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

On January 26, 2024, defendant Shawn J. Gieswein, appearing *pro se*, filed a motion seeking to change his conditions of supervised release. *See*, doc. no. 382. According to defendant, his offenses—felon in possession of a firearm and witness tampering—were not sex crimes, and he "[couldn't] be ordered to Cell phone monitoring and to sexual health treatment." *Id*. at ECF p. 1. On January 31, 2024, the court entered an order dismissing defendant's motion because it appeared to the court that he was claiming that the conditions were not lawful, and the court concluded that it had no authority to modify the conditions of supervised release based on the argument that the conditions were unlawful. *See*, United States v. Thomas, Case No. 22-1149, 2023 WL 1872585, at *4 (10th Cir. Feb. 10, 2023) (unpublished case cited as persuasive pursuant to 10th Cir. R. 32.1(A)). On February 9, 2024, defendant filed a notice of appeal. *See*, doc. no. 384. The appeal is pending.

The court has conducted a review of the Special Conditions of Supervision set forth in defendant's Amended Judgment in a Criminal Case, filed December 16, 2016. *See*, doc. no. 237, ECF p. 5. All special conditions have boxes next to them. All boxes are checked except for one. The box for the fourth-listed special condition is left unchecked. That condition states:

> You must submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as you are released from the program by the probation officer. This assessment and treatment may include a polygraph to assist in planning and case monitoring. You may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on your ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

*Id*.

However, in the second addendum to the presentence report, *see*, doc. no. 233, p. 31 (ECF p. 32), the U.S. probation officer recommended that the above-stated special condition be imposed by the court. (The defendant's extraordinarily wide-ranging criminal history includes a conviction for child molestation.) In the fourth addendum to the presentence report, the probation officer enumerated defendant's objections to certain of those special conditions, including the above-stated special condition. See, *id*. at pp. 42-43 (ECF pp. 43-44). At the sentencing held on December 14, 2016, the court made a finding on the record that the special conditions proposed by the probation officer and objected to by the defendant, including the above-stated special condition, were entirely appropriate. *See*, doc. no. 238, ECF pp. 5-6; *see also*, doc. no. 249, ECF pp. 5-6. The court also specifically

stated on the record that it was "imposing the special conditions set forth in the second addendum to the presentence report[.]"  Doc. no. 249, ECF p. 17.  That included the above-stated special condition.

Rule 36, Fed. R. Crim. P., provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment[.]"  "While Rule 36 does not give a court authority to substantively change a defendant's sentence, it authorizes amendment to a written judgment to bring it into conformity with an orally pronounced sentence."  United States v. Kieffer, 596 Fed. Appx. 653, 660 (10th Cir. 2014) (unpublished decision quoted as persuasive pursuant to 10th Cir. R. 32.1(A)).  "Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk or amanuensis might commit, mechanical in nature."  Id. (quotation marks and citations omitted).  "A Rule 36 clerical error should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue; thus, notice to the defendant is not strictly required."  Id. (quotation marks and citations omitted).

Because the court's oral pronouncement of sentence imposed the above-stated special condition, the court concludes that its written amended judgment should be corrected to conform it to the court's oral pronouncement.  It is clear from the face of the record that the unchecked box next to the fourth-listed special condition in the written amended judgment was a clerical error.

Although the clerical error is apparent from the face of the record and thus notice to the defendant is not strictly required for the court to correct its written amended judgment under Rule 36, the court hereby notifies defendant Shawn J. Gieswein that it intends to enter a Second Amended Judgment in a Criminal Case, which correctly reflects that the fourth-listed condition of the Special Conditions of

Supervision (above-stated) is imposed upon defendant. If defendant has any objection to the entry of the Second Amended Judgment in a Criminal Case, he shall file any such objection **no later than March 4, 2024**.

DATED this 14th day of February, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0120p089.docx